FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

97 MAR 26  PH 2: 00

DON SHORT                        )

        Plaintiff,             )

    vs.                          )          CV 96-L-1249-S

AMERICAN CAST IRON PIPE          )
COMPANY, a corporation;
AMERICAN CAST IRON PIPE          )
COMPANY PENSION PLAN; ACIPCO
HEALTH SERVICES, a division      )
of ACIPCO,
                                 )
        Defendants.            )

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

MAR 2 6 1997

**MEMORANDUM OPINION**

    This cause came before this court for a pretrial conference on February 14, 1997.  Following that conference, this court granted plaintiff's motion to amend the complaint and entered a pretrial order which reflected the newly amended complaint.   Now, by separate order, the court grants defendants' motion for summary judgment.

## I.  Facts

        Plaintiff was employed by ACIPCO for twenty-two years. He worked as a machinist and was a participant in defendants' pension plan.  Under this pension plan, a participant with fifteen years of service is eligible for a disability retirement pension if

1

his employment ends because he becomes totally and permanently disabled before his normal retirement date. (ACIPCO Pension Plan Summary Plan Description, 3). A participant becomes totally and permanently disabled when a physical or mental condition renders him incapable of performing work for ACIPCO for which he is qualified by education, training, and experience. (ACIPCO Pension Plan Summary Plan Description, 4).

While employed by defendants, plaintiff became disabled and applied for disability retirement benefits under the plan. In making his claim for disability benefits, plaintiff met with Leann Barr, ACIPCO's director of human resources, on March 23, 1994. (Barr Deposition, 9-10, 14). At that meeting, plaintiff signed a Request for Accommodation, on which the following sentences have been handwritten, "I do not know of any way that I could be accommodated on my job of Production Machinist. I am not aware of any other job in the Machine Shop or anywhere else at ACIPCO that I could perform and/or be accommodated on. I am in constant pain 24 hours per day and it never stops." (Request for Accommodation, March 23,1994). He also signed a Request for Disability Pension, on which the following sentences have been handwritten, "I have bad back problems and am currently in constant pain in lower back and neck area. I do not think I can perform [unintelligible word] a good job as required." (Request for Disability Pension, March 23, 1994).

Plaintiff admits that he signed both documents but claims that there was no handwriting on either document when he signed

2

them.    (Short Deposition, 55, 76).    The evidence, however,
contradicts this claim.  First, plaintiff denies the accuracy of
the Request for Accommodation, but he has said that the Request for
Disability Pension correctly reflects his discussions with Leann
Barr.   (Short Deposition, 57, 76).   Second, plaintiff has stated
that the handwriting on the latter document looks like his own
writing.  (Short Deposition, 56).  Third, Leann Barr has stated "I
filled in the information on the accommodation form, and he [the
plaintiff] signed it.  And then we did the request for disability
pension in which he wrote out the information on there."    (Barr
Deposition, 134).  Finally, the handwriting on the two documents is
clearly different.   Taken as a whole, this testimony shows that
plaintiff wrote the handwritten portion of the Request for
Disability Pension, while Leann Barr wrote the Request for
Accommodation.

On March 29, 1994, defendants' Maximum Medical Benefits
Committee   approved   plaintiff's   application   for   disability
retirement  pension  benefits.     (Barr  Deposition,  92;  Gibbs
Deposition, 76).   This committee was then shown a videotape of
plaintiff engaging in numerous physical activities around his
farm.[1]    Based on the contents of the surveillance video, the

---

[1]The court has thoroughly examined this surveillance video.
Plaintiff's claim for disability benefits is based on an injury to
his lower back which caused permanent pain in his neck and arms, as
well as shortness of breath.  (Short Deposition, 48).   In contrast
to his claims, the video shows plaintiff bending, stooping, walking
briskly, throwing food to animals, laying under an automobile,
opening  a  farm  gate,  hoeing  the  ground,  spreading  seed  or
fertilizer, driving a jeep in tight circles at a high rate of speed
on uneven ground, driving a tractor in reverse while looking over

committee changed its initial decision and denied plaintiff's application for these benefits. (Gibbs Deposition, 76).

On April 14, 1994, defendants' Board of Management voted unanimously to terminate plaintiff's employment for violating company Rule Seven. (Barr Deposition, 98, 148). Rule Seven provides the penalty of discharge for any employee who engages in "falsification of employment, personal, or Company records or making false report or providing false information which could increase Company cost or liability, including but not limited to unfounded claims for unemployment compensation." Short appealed this decision by filing a grievance with a peer review committee, but the grievance was denied. (Barr Deposition, 148).

Plaintiff filed suit in state court for wrongful denial of disability retirement benefits and for breach of contract. On May 13, 1996, defendants removed the case to this court, claiming that a federal question existed. Seven days later, defendants made a motion to dismiss plaintiff's state law claims as preempted by ERISA. On June 11, 1996, plaintiff made a motion for leave to

---

his shoulder, hooking a plow to a tractor, plowing the ground while riding the tractor, and performing maintenance on the tractor and plow.

This surveillance of plaintiff occurred after he had begun complaining of back problems. The time stamp on the video indicates that all of these activities occurred within a four-hour period. Throughout this entire video, there is absolutely no evidence that plaintiff was in any pain whatsoever.

Plaintiff has withdrawn his claim for disability benefits. Thus this court is not concerned with whether plaintiff's claim for benefits was properly denied. Nevertheless, the video provides overwhelming evidence that plaintiff did not suffer from any back injury that would allow him to make a successful claim for benefits.

4

amend the complaint.    On June 28, 1996, this court granted plaintiff's motion to amend the complaint and at the same time found defendants' motion to dismiss all state law claims to be moot.    This amendment to the complaint stated claims under federal common law for breach of contract, wrongful denial of disability benefits, and breach of fiduciary duty, and the amendment stated a claim under ERISA for breach of fiduciary obligations.

In response to yet another motion to dismiss, on August 30, 1996, plaintiff again amended the complaint to include claims for benefits due under the terms of the plan, breach of fiduciary duty, and wrongful discharge to prevent plaintiff from attaining ERISA benefits.    On February 20, 1997, this court granted plaintiff's motion to amend the complaint a third time.    In this current version of the complaint, plaintiff includes no claim for benefits due under the plan, but does include claims for breach of fiduciary duty and wrongful discharge to prevent attainment of ERISA benefits.

In preparation for the pretrial conference, on January 16, 1997, defendants filed a motion for summary judgment.    Both parties have briefed the issues raised in the motion and have submitted depositions and other evidentiary materials for the court's consideration.    In addition, defendants have submitted a copy of the surveillance video in question.

5

## II.  Standard for review of motion for summary judgment

In reviewing a motion for summary judgment, the motion is granted if there is no genuine issue as to any material fact.  Fed. R. Civ. P. 56(c); United States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in the State of Alabama, 941 F.2d 1428, 1437 (11th Cir. 1991).  The evidence of the non-movant is to be believed, and the court is not to engage in fact-finding functions such as determining credibility and weighing the evidence.  Four Parcels, 941 F.2d at 1437.  As there is no genuine issue as to any material fact, the only question left to be resolved is whether plaintiff has properly stated any claim under which he can recover.  The court holds that plaintiff cannot recover for breach of fiduciary duty or for wrongful discharge to prevent attainment of ERISA benefits.  Thus defendants' motion for summary judgment is due to be granted.

## III.  Wrongful discharge to prevent attainment of ERISA benefits

Plaintiff contends that the charge that he falsified company records is a sham, fabricated by defendants to preclude him from being given a job that was less physically demanding, and he contends that the charge was fabricated to prevent him from obtaining disability retirement benefits under the plan if in the future he was unable to perform a less demanding job.  Plaintiff cannot recover under this claim for wrongful discharge.

ERISA § 510 makes it illegal to discharge "a participant or beneficiary for exercising any right to which he is entitled

6

under the provisions of an employee benefit plan ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled." 29 U.S.C. § 1140.

Plaintiff was not discharged "for the purpose of interfering with the attainment of any right" to which he might become entitled. See 29 U.S.C. § 1140. Whether an employer intends to interfere with an employee's right to future benefits requires a factual inquiry into the purpose for the discharge. Seaman v. Arvida Realty Sales, 985 F.2d 543, 546 (11th Cir. 1993), cert. denied, 510 U.S. 916 (1993). Plaintiff must show that the employer had the specific intent to interfere with the employee's right to benefits. Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1222 (11th Cir. 1993); Arvida, 985 F.2d at 546. While plaintiff need not show that interference with ERISA rights was the sole reason for the discharge, plaintiff must show more than the incidental loss of benefits as a result of a discharge. Clark, 990 F.2d at 1222-23; Arvida, 985 F.2d at 546. Plaintiff's burden can be met either by showing direct proof of discrimination or by satisfying the scheme for circumstantial evidence established by McDonnell Douglas Corp v. Green, 411 U.S. 792 (1973). Clark, 990 F.2d at 1223.

Direct proof of discrimination is evidence that proves discrimination without inference or presumption. Id. Plaintiff has offered no direct evidence of discrimination in the case sub judice.

Circumstantial evidence is found to exist under the

7

McDonnell Douglas test if plaintiff demonstrates a prima facie case of discrimination by a preponderance of the evidence.   Clark, 990 F.2d at 1223.  "In the context of a § 510 claim alleging unlawful discharge, a plaintiff may establish a prima facie case of discrimination by showing (1) that he is entitled to ERISA's protection, (2) was qualified for the position, and (3) was discharged under circumstances that give rise to an inference of discrimination."  Id. (citing Turner v. Schering-Plough Corp., 901 F.2d 335, 347 (3d Cir. 1990); Dister v. Continental Group, Inc., 859 F.2d 1108, 1114-15 (2d Cir. 1988)).   This court need not determine whether the first two elements of this test were met by plaintiff, as it is readily apparent that plaintiff has failed to show sufficient evidence of the third element.

Plaintiff "cannot establish a prima facie case merely by showing that, as a result of the termination, he was deprived of the opportunity to accrue more benefits."  Clark, 990 F.2d at 1224 (citing Clark v. Resistoflex Co., 854 F.2d 762, 771 (5th Cir. 1988)).   Plaintiff must show "that the employer's decision was directed at ERISA rights in particular."  Id. (citing Unida v. Levi Strauss & Co., 986 F.2d 970, 979 (5th Cir. 1993)).

Plaintiff has failed to show that ACIPCO's decision to terminate plaintiff was directed at ERISA rights.  Plaintiff has failed to introduce any evidence that ACIPCO obtained a significant reduction in benefit expenses when it terminated plaintiff.   See Clark, 990 F.2d at 1224.  Further, plaintiff has failed to argue that the worker hired to replace him was entitled to receive lower

8

benefits. See id. at 1225. Finally, plaintiff offers no evidence that his termination for violating Rule Seven was different from the treatment received by other employees for violation of this rule.

ACIPCO fired plaintiff not because it was concerned about his ERISA rights, but because he stated in the Request for Accommodation and the Request for Disability Pension that he had back problems causing him constant pain that prevented him from performing any job at ACIPCO.   A video, however, showed him engaging in extensive physical activities on his farm without any visible signs of pain.   ACIPCO discharged plaintiff because the video provided clear evidence that he had violated Rule Seven, not because it wanted to prevent him from exercising his rights under ERISA.   Plaintiff has therefore failed to meet his burden of proof as to § 510, and this court will therefore enter summary judgment on this count in favor of defendants.

## IV.  Breach of fiduciary duty

Plaintiff cannot recover for breach of fiduciary duty. ERISA § 502(a)(3) provides, "A civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or terms of the plan."  29 U.S.C. § 1132(a)(3).   It is under this section that plaintiff seeks

9

individual relief for breach of fiduciary duty. In <u>Varity Corp. v.</u> <u>Howe</u>, 116 S. Ct. 1065 (1996), the Supreme Court held that ERISA § 502(a)(3) authorized a claim for individual relief for breach of fiduciary duty. <u>Varity</u>, 116 S. Ct. at 1076.

However, this case is markedly different from <u>Varity</u>. In <u>Varity</u>, the normal route for individual recovery by participants and beneficiaries, § 502(a)(1)(B), was not available because the plan in which the employees were participants was bankrupt, and the employees had been tricked out of being participants in a still-solvent plan. <u>Varity</u>, 116 S. Ct. at 1079. Further, the <u>Varity</u> plaintiffs could not proceed under ERISA §§ 409 and 502(a)(2) because those provisions did not provide a remedy for individual beneficiaries. <u>Id.</u> (citing <u>Massachusetts Mutual Life Insurance</u> <u>Company v. Russell</u>, 472 U.S. 134, 144 (1985)). Thus the Court allowed the employees the possibility of individual recovery under § 502(a)(3) because no other provision in § 502 would have allowed for individual recovery. <u>Id.</u>

There are significant factual differences between <u>Varity</u> and this case that make relief under § 502(a)(3) inappropriate in the case <u>sub judice</u>. Specifically, this plaintiff was, at the time of the actions in question, a participant in a fully solvent plan. Thus § 502(a)(1)(B) allows him to recover any benefits he is due under the plan, and relief under § 502(a)(3) is not appropriate. The fact that plaintiff has voluntarily dismissed his claim for benefits under § 502(a)(1)(B) is not enough to make relief under § 502(a)(3) appropriate. To trigger recovery under § 502(a)(3), the

10

ERISA statute must, as in <u>Varity</u>, fail to remedy all of the wrongs that were done to plaintiff. <u>Varity</u>, 116 S. Ct. at 1079; <u>Forsyth v. Humana, Inc.</u>, 99 F.3d 1504, 1511 (9th Cir. 1996); <u>Wald v. Southwestern Bell Corporation Customcare Medical Plan</u>, 83 F.3d 1002, 1006 (8th Cir. 1996).

Congress provided plaintiff with an adequate remedy in § 502(a)(1)(B). Thus recovery under § 502(a)(3) is not warranted in this case, even though plaintiff has chosen not to pursue a claim for benefits under ERISA. Plaintiff has failed to show any reason why relief under § 502(a)(3) is appropriate, and thus this court enters summary judgment on this count in favor of defendants.

## V. Conclusion

Plaintiff has failed to make out a prima facie case for wrongful discharge, and has failed to show any reason why relief under § 502(a)(3) is warranted. Thus by separate order, this court grants defendants' motion for summary judgment on all counts.

DONE this the 2/ <u>ᵗʰ</u> day of March, 1997.

Seybourd H. Lynne
SENIOR JUDGE

11